**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-4910**

UNITED STATES OF AMERICA,

             Plaintiff - Appellee,

      v.

EDY RENE CASTELLON, a/k/a Edward Chapinva,

             Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria.   Leonie M. Brinkema, District Judge.  (1:09-cr-00151-LMB-1)

Submitted:  May 13, 2010                Decided:  June 11, 2010

Before WILKINSON, SHEDD, and DUNCAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Lana M. Manitta, RICH ROSENTHAL BRINCEFIELD MANITTA DZUBIN & KROEGER, LLP, Alexandria, Virginia, for Appellant.   Neil H. MacBride, United States Attorney, Tracy Doherty-McCormick, Assistant United States Attorney, Alexandria, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Edy Rene Castellon appeals his conviction of one count of attempt to induce a minor to engage in prostitution and criminal sexual activity in violation of 18 U.S.C. § 2422(b) (2006), and one count of attempted sex trafficking of children in violation of 18 U.S.C. §§ 1591(a)(1), (b)(1) and 1594 (2006). He was sentenced to a total of 180 months' imprisonment. For the reasons that follow, we affirm.

Castellon first argues that the district court improperly determined that an FBI agent's "Significant Activity Reports" were not subject to mandatory disclosure under the Jencks Act. We review for clear error. United States v. Roseboro, 87 F.3d 642, 645 (4th Cir. 1996). While we have not addressed the subject directly, other courts have determined that material similar to that in question here does not qualify for disclosure under the Jencks Act. See, e.g., United States v. Pennett, 496 F.2d 293 (10th Cir. 1974) (daily activity reports that set forth daily activity in an extremely cursory manner are not subject to the Jencks Act). We are persuaded that these decisions are correct and therefore find that the district court neither clearly erred nor abused its discretion by denying Castellon's motions to strike the agent as a witness and for a mistrial.

2

Castellon next challenges the sufficiency of the evidence supporting his conviction. An appellant challenging the sufficiency of the evidence faces a heavy burden. See United States v. Beidler, 110 F.3d 1064, 1067 (4th Cir. 1997). "[A]n appellate court's reversal of a conviction on grounds of insufficiency of evidence should be 'confined to cases where the prosecution's failure is clear.'" United States v. Jones, 735 F.2d 785, 791 (4th Cir. 1984). After reviewing the record, we conclude that the Government set forth sufficient evidence to convict Castellon on both counts.

Finally, Castellon argues that because he received the statutory mandatory minimum sentence of 15 years for violating § 1591(b)(1), his sentence was unconstitutional. The Supreme Court and this court have repeatedly upheld the constitutionality of statutory mandatory minimum sentences, however, and we see no basis to revisit those holdings today. See Kimbrough v. United States, 552 U.S. 85, 107 (2007); United States v. Robinson, 404 F.3d 850, 862 (4th Cir. 2005).

We therefore affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED